IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 21-5089 |
| v. | ) ) | **COMPLAINT** |
| FORD MOTOR CO., | ) ) | JURY DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Edwina Smith ("Smith"). As alleged with greater particularity in paragraphs 12-17 below, Defendant Ford Motor Company ("Ford" or the "Defendant") made a conditional offer of employment to Smith to work at its Chicago Heights stamping plant, but refused to allow her to commence working for the company after Smith disclosed in a pre-employment physical that she was pregnant, despite the fact that at the conclusion of that physical she was cleared to begin working and met all other conditions to be hired.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Ford has continuously been doing business in the State of Illinois and the City of Chicago Heights, and has continuously had at least 15 employees.

5. At all relevant times, Ford has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Smith filed a charge with the Commission alleging violations of Title VII by Defendant Ford.

7. On February 12, 2021, the Commission issued to Ford a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Ford to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. EEOC engaged in communications with Ford to provide it with the opportunity to remedy the discriminatory acts described in the Letter of Determination.

9. The EEOC was unable to secure a conciliation agreement acceptable to the Commission.

10. On July 15, 2021, the Commission issued to Ford a Notice of Failure of Conciliation advising Ford that the Commission was unable to secure from it a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August 2019, Defendant Ford engaged in unlawful employment practices at its Chicago Heights facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1).

13. In or about June 2019, Ford made Smith a conditional offer of employment, and in August 2019, scheduled her for a drug screen and physical. At her physical, Smith informed Ford that she was pregnant.

14. On or around August 13, 2019, a physician working at Ford's behest certified that Smith was fit for hire and met all the necessary qualifications.

15. Between August and October 2019, Smith called Ford numerous times asking when she would begin work. Ford's answers varied, but on around October 30, 2019, she was told that Ford was no longer hiring.

16. In the intervening time, other new hires were sent for orientation and began working.

17. Smith was qualified for the position she was offered at Ford and met all conditions of her conditional offer of employment.

18. The effect of the practices complained of in paragraphs 12-17 above has been to deprive Smith of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her sex and pregnancy.

19. The unlawful employment practices complained of in paragraphs 12-17 above were intentional.

20. The unlawful employment practices complained of in paragraphs 12-17 above were done with malice or with reckless indifference to the federally protected rights of Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Ford, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment to any applicant on account of their sex or pregnancy.

B. Order Defendant Ford to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and pregnant applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Ford to make whole Smith, by providing appropriate backpay with prejudgment interest, and a tax "gross-up" if necessary, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Ford to make whole Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-17 above, including any medical expenses and job search expenses, in amounts to be determined at trial.

  E. Order Defendant Ford to make whole Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 17-21 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Ford to pay Smith punitive damages for its malicious and reckless conduct, as described in paragraphs 12-17 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Gwendolyn Young Reams
        Acting General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        Chicago District Office

        Gregory M. Gochanour
        Regional Attorney

        Ethan M. M. Cohen
        Supervisory Trial Attorney

        /s/ Ann M. Henry
        Ann M. Henry
        Trial Attorney
        U.S. Equal Employment Opportunity
         Commission
        Chicago District Office
        230 S Dearborn, #2920
        Chicago, IL 60604

                312-872-9659
                ann.henry@eeoc.gov
                ARDC # 6272394